1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    REAGAN THOMAS,                          No.  2:15-cv-1936 KJM AC P

12              Plaintiff,

13        v.                                  ORDER

14    RAVERA, et al.,

15              Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding

19    was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20         I.      Application to Proceed In Forma Pauperis

21         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22    1915(a).  ECF Nos. 2, 9.  Accordingly, the request to proceed in forma pauperis will be granted.

23         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3   1915(b)(2).

4        II.        Statutory Screening of Prisoner Complaints

5            The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10           A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

13  meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

14  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

15  on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

16  U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

17  has an arguable legal and factual basis.  Id.

18           "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

21  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

23  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

25  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

26  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

27  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

28  ed. 2004)).

2

1   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

3   Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

4   content that allows the court to draw the reasonable inference that the defendant is liable for the

5   misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

6   under this standard, the court must accept as true the allegations of the complaint in question,

7   Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

8   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

9   McKeithen, 395 U.S. 411, 421 (1969).

10      III.      Complaint

11         In the complaint, plaintiff alleges that on December 26, 2014, defendant Rivera

12   unexpectedly opened his cell door without any warning. ECF No. 1 at 5.  When the door was

13   opened, plaintiff's "finger was c[a]ught between the inside door frame and the inside sliding door

14   window frame," amputating his finger.  Id.  He further alleges that there is a metal strip installed

15   along the door frame because the unit where he was housed was previously an administrative

16   segregation unit and that the metal strip is "'hazardous' and completely 'dangerous' to prisoners

17   housed within."  Id.  He claims that there are no warnings about the danger the doors pose.  Id. at

18   6.  Plaintiff asserts that defendant Rivera "purposely and intentionally caused harm and injuries to

19   [him]" and that, as warden, defendant Perry is responsible for plaintiff's safety and his

20   subordinate's conduct.  Id.

21      IV.      Failure to State a Claim

22         A.      Defendant Rivera

23         "The Constitution does not mandate comfortable prisons, but neither does it permit

24   inhumane ones."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and

25   citations omitted).  "[A] prison official violates the Eighth Amendment only when two

26   requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious; a

27   prison official's act or omission must result in the denial of the minimal civilized measure of

28   life's necessities."  Id. at 834 (internal quotation marks and citations omitted).  Second, the prison

1   official must subjectively have a sufficiently culpable state of mind, "one of deliberate

2   indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).  The

3   official is not liable under the Eighth Amendment unless he "knows of and disregards an

4   excessive risk to inmate health or safety; the official must both be aware of facts from which the

5   inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

6   inference." Id. at 837.  Then he must fail to take reasonable measures to abate the substantial risk

7   of serious harm.  Id. at 847.  Mere negligent failure to protect an inmate from harm is not

8   actionable under § 1983.  Id. at 835.

9       It is not clear from plaintiff's complaint that defendant Rivera was aware of the risk to

10   plaintiff's safety when he opened the cell door.  Although plaintiff makes a general accusation

11   that defendant Rivera "purposely and intentionally caused harm and injuries," there are no facts

12   alleged in the complaint that would indicate that Rivera knew plaintiff's was at risk for injury.

13   Plaintiff alleges that Rivera opened the cell door, and that the cell doors are operated by the

14   control booth officer.  ECF No. 1 at 5.  This indicates that Rivera was in the control booth when

15   he opened plaintiff's cell door, making it unlikely that he was aware that plaintiff's hand was in a

16   position to be injured by the door.  There is nothing in the complaint to demonstrate that the

17   incident, while unfortunate, was anything more than an accident and "[a]n accident, although it

18   may produce added anguish, is not on that basis alone to be characterized as wanton infliction of

19   unnecessary pain." Estelle v. Gamble, 429 U.S. 97, 105 (1976); Harding v. City and County of

20   San Francisco, 602 F. App'x 380, 382 (2015) (no constitutional violation when a pretrial

21   detainee's finger was severed after being accidentally slammed in a door).  To the extent plaintiff

22   is alleging that Rivera ignored a substantial risk of serious harm by not announcing that he was

23   opening the door, plaintiff fails to allege any facts that would show Rivera was aware that the

24   type of injury plaintiff suffered was a possible consequence of not announcing the door was being

25   opened.  The claims against defendant Rivera will therefore be dismissed with leave to amend.

26       B.    Defendant Perry

27       There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

28   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

4

362, 371, 376 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983."  <u>Taylor v List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"  <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)).  A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them."  <u>Taylor</u>, 880 F.2d at 1045.  Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."  <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), <u>abrogated on other grounds by</u> <u>Farmer v. Brennan</u>, 511 U.S. 825 (1970).

To the extent plaintiff appears to be making claims against defendant Perry based solely on his position as warden, he fails to state a claim for relief.  Plaintiff must allege some specific action by Perry that violated his rights.  It appears that plaintiff may be attempting to allege that Perry was deliberately indifferent to his safety because there were no warning signs about the potential danger the doors posed to inmates.  ECF No. 1 at 6.  However, nothing in the complaint suggests that Perry was aware of the potential danger or had reason to believe that warning signs were necessary.  In order to be deliberately indifferent, plaintiff must allege facts that show that Perry knew of the risk to plaintiff's health and safety and then ignored the risk.  For these reasons, the claims against defendant Perry will be dismissed with leave to amend.

## V.    Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo</u>, 423 U.S. at 370-71.  Also, the complaint must allege in specific terms how each named defendant

1   is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can

2   be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

3   between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740,

4   743 (9th Cir. 1978).

5          Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

6   his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

7   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

8   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

9   1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims

10  dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

11  amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

12  original complaint no longer serves any function in the case.  Therefore, in an amended

13  complaint, as in an original complaint, each claim and the involvement of each defendant must be

14  sufficiently alleged.

15  VI.    Summary

16         Plaintiff's request to proceed in forma pauperis is granted.

17         The complaint is dismissed with leave to amend because the facts plaintiff has alleged are

18  not enough to state a claim for relief.  If plaintiff wants to state claims against defendants Rivera

19  and Perry, he needs to include facts that show that defendants were each aware of the risk to his

20  safety and ignored it.  For example, if defendant Rivera saw that plaintiff's hand would be caught

21  by the door or if similar incidents occurred or there were complaints about the doors before

22  plaintiff was injured, plaintiff should include these facts in his complaint.

23         If plaintiff chooses to amend his complaint, the first amended complaint must include all

24  of the claims plaintiff wants to make because the court will not look at the claims or information

25  in the original complaint.  In other words, any claims not in the first amended complaint will not

26  be considered.

27         In accordance with the above, IT IS HEREBY ORDERED that:

28         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: January 5, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7