UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REAGAN THOMAS,

        Plaintiff,

v.

RAVERA et. al.,

        Defendants.

No. 2:15-cv-1936 KJM AC P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

1

meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.     First Amended Complaint

In the first amended complaint, plaintiff alleges that around 2:40 p.m. on December 26, 2014, defendant Rivera unexpectedly opened his cell door. ECF No. 17 at 4. Plaintiff asserts that

at the time Rivera opened the door, plaintiff's hands were on the window frame and clearly visible to Rivera from the control tower, which directly faces the cell doors. Id. As Rivera opened the door, plaintiff's left index finger became jammed on a metal strip installed along the door frame, causing the tip of his finger to be severed. Id. Plaintiff alleges that Rivera knowingly disregarded a risk to plaintiff's health and safety by opening the door without notice, which caused injury to his finger in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Id. at 5-6.

Plaintiff further alleges that the metal strip had previously been installed as a security measure when the housing unit was used for administrative segregation. Id. at 3. Although the unit was housing general population inmates at the time of the incident, the metal strips had not been removed. Id. He claims that the metal strips were a hazard to general population inmates because, unlike inmates in administrative segregation, they are not handcuffed and therefore warned every time the door is opened. Id. Plaintiff asserts that defendant Warden Peery failed to provide any warnings about the risk of injury posed by the metal strips, and this failure to warn and protect plaintiff from harm violated his Eighth Amendment right to be free from cruel and unusual punishment. Id. at 5.

III. Failure to State a Claim

a. Defendant Peery

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A defendant may be held liable as a supervisor under §1983 only 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen

v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  A supervisor may also be held liable, without personal involvement, if he or she implements "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Jeffers v. Gomez, 267 F.3d 895, 914 (9th Cir. 2001) (quoting Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc)).

Plaintiff asserts that Peery knew that the metal security strips had been installed on the cells doors and summarily concludes that she knew that they would pose an "unnecessary hazard and risk to the health and safety of general population inmates." ECF No. 17 at 5.  However, plaintiff has not provided any evidence demonstrating that Peery was aware of any such risk or had any reason to believe that warning signs were necessary, and appears to allege that Peery had knowledge simply because she was the warden.  In order to state a claim for relief under the Eighth Amendment, plaintiff must allege facts that show Peery knew the metal strips posed a risk of danger to the inmates if the doors were opened without notice and ignored the known risk of danger.  For example, evidence of a known danger could include prior incidents where inmates were injured or almost injured by the metal strips or previous complaints about the strips.  Since plaintiff has not demonstrated that Peery was deliberately indifferent to a known risk of danger posed by the metal strips, this claim should be dismissed and plaintiff will be given one final opportunity to attempt to state a claim against Peery.

b. Nurse Lewis

In setting forth the facts of his complaint, plaintiff refers to Nurse Lewis as a defendant. Id. at 4.  However, he does not list her as a defendant in the caption or in the list of defendants. Id. at 1-2.  If plaintiff wants to bring claims against Nurse Lewis, he must include Lewis in the list of defendants. Additionally, the allegations that Lewis improperly inserted the intravenous needle into plaintiff's muscle instead of his vein, establish no more than negligence, which is not sufficient to support a claim for deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v.

4

Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). There is no indication in the complaint that Lewis either deliberately inserted the needle improperly or was aware that it had been improperly inserted. Accordingly, any claims plaintiff may be trying to bring against Nurse Lewis are dismissed with leave to amend.

### IV. Claim for Which a Response Will Be Required

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). However, "[n]ot every injury that a prisoner sustains while in prison represents a constitutional violation." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Rather, to maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Id. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish cruel and unusual punishment in violation of the Eighth Amendment, a prisoner must demonstrate "unnecessary and wanton infliction of pain." Id. (citation and internal quotation marks omitted). Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Farmer, 511 U.S. at 835.

Liberally construed, plaintiff's assertion that Rivera opened plaintiff's cell door without warning, even though he could see that plaintiff's hands were in the window frame, is sufficient to state a claim for deliberate indifference. Although the facts do not support that Rivera was specifically aware of a risk of amputation, they are sufficient to support an inference that Rivera was aware that plaintiff's hands were on the door and that he knew that plaintiff's hands could get caught in the door if it was opened without warning and cause injury. Accordingly, defendant

5

Rivera will be required to respond to the complaint.

V.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendant Peery and Nurse Lewis. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given one last opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Rivera on his claim that Rivera opened his cell door unannounced, causing his finger to be partially amputated, or he may delay serving Rivera and amend the complaint to attempt to state cognizable claims against Peery and Lewis.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If he elects to proceed on his claims against Rivera without amending the complaint, the court will send him the necessary forms for service of the complaint and the claims against Peery and Lewis will remain dismissed without prejudice.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims

dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Summary

The claim that defendant Rivera opened your cell door without warning and caused your hand to be injured states a claim, and Rivera will have to respond to the complaint.  However, the claim that defendant Peery failed to provide warning about the dangers caused by the metal strip on the door does not state a claim because there are not enough facts to show that Peery was aware of the danger.  Just knowing that the strips were there is not enough.  She had to have known they were dangerous.  Additionally, although you refer to Nurse Lewis as a defendant, Lewis is not on the list of defendants and the claims only show negligence.  If you want to make a deliberate indifference claim against Lewis, you must state facts that show that she knew of your serious medical need and ignored the risk to your health or safety.

You may either (1) proceed immediately on you claim against Rivera, or (2) try to amend the complaint to state claims against Peery and Lewis.  If you want to go forward without amending the complaint, your claims against Peery and Lewis will remain dismissed without prejudice.  If you choose to amend the complaint, the amended complaint must include all of the claims you wants to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original and first amended complaint.  In other words, any claims not in the second amended complaint will not be considered.  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you needs to do next (i.e. file an amended complaint or complete and return service paperwork).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against Peery and Lewis are dismissed with leave to amend.

2. Plaintiff has the option to proceed immediately on his Eighth Amendment claim

7

against Rivera as set forth in Section IV above, or to amend the complaint.

    3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint.

DATED: June 1, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| REAGAN THOMAS,<br><br>            Plaintiff,<br><br>   v.<br><br>RAVERA, et al.,<br><br>            Defendants. | No. 2:15-cv-1936 KJM AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant Rivera without amending the complaint. Plaintiff understands that going forward without amending the complaint means that his claims against defendant Peery and Nurse Lewis will remain dismissed without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                              Thomas Reagan
                                                              Plaintiff pro se