| | |
|---|---|
| REAGAN THOMAS, | No. 2:15-cv-1936 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| RAVERA, et al., | |
| Defendants. | |

Plaintiff has requested appointment of counsel and an extension of time to serve the defendant with discovery requests. ECF Nos. 27, 28.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that his incarceration will limit his ability to litigate and that an attorney would be better able to file motions and present evidence at trial. ECF No. 28 at 1-2. Plaintiff's incarceration and lack of legal expertise do not constitute exceptional circumstances and it has not yet been determined whether this case will go to trial, so appointment of counsel on that basis would be premature. Moreover, plaintiff has thus far been successful at articulating his claims without the assistance of an attorney. Because plaintiff has not demonstrated that exceptional circumstances exist, his motion for appointment of counsel will be denied.

Plaintiff has also filed a motion for a thirty-day extension of time to serve discovery requests on the defendant. ECF No. 27. He states that he requires the additional time because he had hoped to have retained an attorney by this point, but has been unable to do so. Id. The requested extension will be granted, and the court will also extend the deadlines for the close of discovery and pretrial motions. However, plaintiff is cautioned that, having initiated this lawsuit, he has a responsibility to diligently pursue it even if he is unable to find counsel to represent him. Further extensions of time based solely on the fact that plaintiff was looking for counsel will not be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 28) is denied.

2. Plaintiff's motion for an extension of time (ECF No. 27) is granted and plaintiff shall have an additional thirty days, up to December 13, 2017, to serve discovery requests.

3. The deadline for conducting discovery and filing any necessary motions to compel is extended to February 12, 2018, and the deadline for pretrial motions, except motions to compel discovery, is extended to May 7, 2018.

DATED: November 16, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE