UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAGAN THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>RAVERA, et al.,<br><br>        Defendants. | No. 2:15-cv-1936 KJM AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion for issuance of a subpoena duces tecum and service of the subpoena by the United States Marshals. ECF No. 30. Plaintiff seeks to subpoena documents from the warden of High Desert State Prison (HDSP), who is not a party to this action. Id.

A non-party may be compelled to produce documents for inspection and copying pursuant to a subpoena duces tecum. Fed. R. Civ. P. 34(c), 45(a). In order to do this, plaintiff must fill out subpoena forms and ensure that each person is served with the subpoena by a non-party. Fed. R. Civ. P. 45(b). If the person's attendance is required, plaintiff must tender to each person "the fees for 1 day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding in forma pauperis. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).

1

Limitations on a subpoena include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third-party. Davis v. Ramen, No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, at *1, 2010 U.S. Dist. LEXIS 115432, at *3 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010). "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citation omitted); see also, United States v. Columbia Broad. Sys., Inc., 666 F.2d 364, 368 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605. Additionally, because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." Austin v. Winett, 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1, 2008 U.S. Dist. LEXIS 103279, at *2 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d).

As an initial matter, though plaintiff has submitted a completed subpoena form, it appears that he has used a state court form and as a result the subpoena does not contain all the information required by Rule 45. ECF No. 30 at 5-7. The Clerk of the Court will be directed to send plaintiff a blank subpoena form, and the present motion will be denied for failure to comply with Rule 45. The motion will also be denied because it fails to establish that the documents sought cannot be obtained through discovery requests to defendant Rivera. Although the subpoena form states that the documents can only be obtained through the warden of HDSP, there is no indication that plaintiff has tried and failed to obtain these documents through discovery requests. Id. at 6. In order for the court to consider ordering the United States Marshals to serve a subpoena duces tecum on a non-party, plaintiff must submit to the court a completed federal subpoena form that describes the items to be produced with reasonable particularity and designate

2

a reasonable time, place, and manner for production.  Plaintiff must also show that he has not or cannot receive the documents he seeks by way of discovery requests to defendant Rivera.  Failure to make this showing will result in denial of the motion.  Plaintiff is further advised that even though he is proceeding in forma pauperis, should the court order service of his subpoena, he may be required to pay any costs associated with complying with the subpoena in order to avoid imposing an undue burden upon a non-party.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to provide plaintiff a signed but otherwise blank subpoena duces tecum form with this order.  <u>See</u> Fed. R. Civ. P. 45(a)(3).

2. Plaintiff's motion for issuance of a subpoena and service by the United States Marshals (ECF No. 30) is denied without prejudice to a motion that contains the required information and is accompanied by a completed subpoena that uses the proper form.

DATED: November 29, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE